# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIA ROGERS, | CASE NO. 1:10-cv-00589-SMS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| LESLIE C. SEIBERT, et al., | |
| Defendants. | (Doc. 59) |

Plaintiff Moria Rogers moves this Court for an order amending the complaint to add as defendants Sierra Hide-Away LLC and the Leslie C. Seibert Revocable Trust.  Rogers contends that joinder of these parties is necessary because of the existing defendants' recent transfer of ownership of the Sierra Hide-Away Mobile Home Park to them.  Defendants reply that the proper parties are those already joined as defendants since liability for violations of the Fair Housing Act is properly allocated to the owners at the time of the alleged violation, not to the property itself.  Having considered the motion on the papers, the Court agrees that amendment is inappropriate and denies Plaintiff's motion.

I. **Procedural and Factual Background**

On April 5, 2010, Moria Rogers, the plaintiff in this action, filed the complaint in this case, alleging claims for violation of the Fair Housing Act (42 U.S.C. § 3604(b)), the California Fair Employment and Housing Act (California Government Code § 12955(b)), and the Unruh

///

Civil Rights Act (California Civil Code § 51 *et seq.*); unfair business practices (California Business & Professions Code § 17204); negligence; negligent interference with prospective economic advantage; intentional interference with prospective economic advantage; and invasion of privacy. Plaintiff's claims arise from her rental of a space in Sierra Hide-Away Mobile Home Park, which was owned as a trust or partnership by Defendants Marilyn Seibert and her former husband, Leslie Seibert, who also acted as the park's manager.

On February 11, 2011, Defendants Leslie C. Seibert and Marilyn J. Seibert, as Trustees of the Seibert Family Trust 1995, transferred the property to themselves as tenants in common. On April 18, 2011, Leslie Seibert transferred his interest in the property as well as his interest in another property to himself as trustee for the Leslie C. Seibert Revocable Trust. On July 13, 2011, Leslie C. Seibert and Marilyn J. Seibert transferred the property to Sierra Hide-Away, LLC, a California Limited Liability Company.[1]

Plaintiff brought her motion to amend on December 9, 2011, while her motion for summary judgment was pending. Discovery closed in September 2011. Trial was to have begun on January 23, 2012.

**II.    Discussion**

Under F.R.C.P. 15(a)(2), the court should freely give leave to amend when justice requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). This policy should "'be applied with extreme liberality.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the

///

---

[1] Leslie Seibert made the July transfer as an individual, not as trustee of the Leslie C. Seibert Revocable Trust.

leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.  A court must be guided by the purpose of Rule 15, which is facilitating decisions on their merits. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

"[A] district court may deny leave to amend where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991), *quoting Foman*, 371 U.S. at 182 (*internal quotation marks omitted*).  "Not all of the factors merit equal consideration," however; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Leave to amend is within the trial court's discretion. *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996); *United States v. County of San Diego*, 53 F.3d 965, 969 n. 6 (9th Cir.); *cert. denied*, 516 U.S. 867 (1995).

**No new claims.**  No reasonable basis exists to add Sierra Hide-Away LLC and the Leslie C. Seibert Revocable Trust as defendants. The amended complaint includes no new substantive claims against them.  Plaintiff reasons that these defendants are nonetheless necessary as "true owners of the property."

Plaintiff provides no authority for her objective of holding the current property owners liable for the prior owners' violations.  Under the Fair Housing Act, a respondent is the person or entity accused of an unfair housing practice. 42 U.S.C. § 3602.  Although a property owner may be the person or entity accused of an unfair practice, subsequent owners are not automatically liable for the discriminatory actions of prior owners or their agents.  The amended complaint includes no factual allegations linking either Sierra Hide-Away LLC nor the Leslie C. Seibert Revocable Trust to any discriminatory actions against Plaintiff.  Nor can the property itself engage in an unfair housing practice.

In the motion, Plaintiff contends that the transfers appear to be attempts to escape liability or to hide Defendants' assets, and indicates that she may subsequently amend the complaint further to incorporate allegations of fraud based on what she believes are Defendants' attempts to

///

remove assets from her reach.  Plaintiff alleges no factual basis for this proposition other than her own suspicions.  In addition, Plaintiff does not yet have a judgment or other enforceable claim on Defendants' assets, or any other legitimate basis to question the Defendants' determination to modify their form of ownership.  Despite Plaintiff's assertion that Defendants' property transactions were somehow hidden or deceptive, the transactions were all openly recorded with the appropriate government agency.

**Untimeliness and Prejudice.**  As previously noted, the most important factor in a court's denying a motion to amend is prejudice to the opposing party.  Granting leave to amend at this late stage of litigating this case would prejudice Defendants.

Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court.  *Mayreaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).  Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading.  *Morongo Band*, 893 F.2d at 1079.  "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."  *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).  Here, Plaintiff brought her motion to amend after discovery had closed.

Delay is prejudicial.  "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend."  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  *See also Elite Entertainment, Inc. v. Khela Brothers Entertainment*, 227 F.R.D. 444, 448 (E.D. Va. 2005) (finding the defendants' motion to file amended counterclaims that would expand scope and theory of liability just before the expiration of the previously extended discovery period and weeks before trial to be untimely and prejudicial).  Delay is the prejudicial by-product of Plaintiff's proposed amendment here.  In the absence of any cognizable claims against the new entities, there is simply no reason to further delay resolution of this aging case.

///

///

### III. Conclusion and Order

No reasonable basis exists to add Defendants' successors in title to this discrimination action. Further delay of the progress of this case is prejudicial to Defendants and wasteful of this Court's time and other resources. Plaintiff's motion to amend her complaint is hereby DENIED.

IT IS SO ORDERED.

Dated:   January 23, 2012                             /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE